UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THERESA E. MORRIS,

    Plaintiff,

v.                                                           Case No:   8:13-cv-808-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

This cause is before the Court on Plaintiff's Complaint (Doc. 1) filed on March 28, 2013. Plaintiff, Theresa E. Morris seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Supplemental Security Income benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to §205(g) of the Social Security Act, 42 U.S.C. §405(g).

    **I.  Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.  Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§423(d)(2),

1382(a)(3); 20 C.F.R. §§404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987).

### B.  Procedural History

On August 28, 2008, Plaintiff filed an application for Supplemental Security Income alleging a disability onset date of May 1, 2006. (Tr. p. 78-80).[1]  Plaintiff's application was denied initially on January 29, 2009, and denied upon reconsideration on August 26, 2010. (Tr. p. 57-59, 63-65).  A hearing was held before Administrative Law Judge Dores D. McDonnell, Sr. ("ALJ") on December 16, 2011.  (Tr. p. 474-485).   The ALJ issued an unfavorable decision on January 19, 2012.  (Tr. p. 12-20).  On February 7, 2013, the Appeals Council denied Plaintiff's request for review. (Tr. p. 5-7).   The Plaintiff filed a Complaint (Doc. 1) in the United States District Court on March 28, 2013.  This case is now ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (Doc. 17).

### C.  Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled.  *Packer v. Comm'r of Soc. Sec.*, 542 Fed. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  An ALJ must determine whether the claimant (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform his past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th

---

[1] Plaintiff also filed for Disability Insurance Benefits on August 28, 2008, however her application was denied on September 2, 2008 for lack of quarters of coverage, and that decision is not before the Court.   (Tr. p. 54-56, 76-77).

Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 Fed. App'x. 913, 915 n.2 (11th Cir. 2013).

The ALJ determined at step one of the sequential evaluation that Plaintiff had not engaged in substantial gainful activity since August 20, 2008, the date of the application. (Tr. p. 14). At step two, the ALJ found that the Plaintiff suffered from the following severe impairments: human immunodeficiency virus; AIDS; osteoarthritis in right knee; and obesity citing 20 C.F.R. §416.920(c). (Tr. p. 14). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§416.920(d), 416.925, and 416.926). (Tr. p. 15). At step 4, the ALJ determined that the Plaintiff has the residual functional capacity ("RFC") to perform a wide range of sedentary work. (Tr. p. 16). He further found the following:

> She can lift and carry 10 pounds frequently and 20 pounds occasionally. Due to the osteoarthritis in the right knee she is limited to standing and walking to 2 hours in an 8 hour workday; but, can sit 6 hours in an 8-hour workday. The claimant is limited to occasional pushing and pulling with right lower extremity. The claimant can occasionally perform all other postural limitations except that she should avoid ladders, ropes or scaffolds. The claimant has no manipulative visual, communicative, or environmental limitation, except that she should avoid concentrated exposure to extreme cold, wet, humidity, fumes and hazardous machinery. She can hear, understand, remember and carry out both simple routine and complex work instructions. She can adapt to work changes and sustain concentration and attention to complete a normal workday and workweek. She can interact appropriately with co-workers, supervisors and the general public.

(Tr. p. 16). The ALJ determined that Plaintiff had no past relevant work and the issue of transferability of job skills was not at issue; that at the time of the hearing she was 38 years old, and is considered a younger individual; that she has at least a high school education; and, is able

to communicate in English. (Tr. p. 19-20). At step five, the ALJ determined that considering Plaintiff's age, education, work experience and residual functional capacity that there are jobs that exist in significant numbers in the national economy that the claimant can perform. (Tr. p. 20). The ALJ applied the Medical-Vocational Grids to make this determination, and also found that even though Plaintiff cannot perform a full range of sedentary work, she can perform a wide range of sedentary work, and Plaintiff's additional limitations have little or no effect on the occupational base of unskilled sedentary work. (Tr. p. 20). The ALJ concluded that Plaintiff has not been under a disability since August 20, 2008. (Tr. p. 20).

### D.  Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales,* 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401.

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account

evidence favorable as well as unfavorable to the decision. *Foote,* 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

Plaintiff raises one issue on appeal. As stated by Plaintiff it is whether the ALJ improperly failed to elicit the testimony of a vocational expert. Plaintiff asserts that the ALJ failed to elicit testimony from a Vocational Expert even though Plaintiff had non-exertional limitations. Plaintiff argues that when a plaintiff has non-exertional imitations, then an ALJ must obtain the testimony of a vocational expert to determine if the non-exertional limitations preclude her from appropriate work, citing *Chester v. Bowen*, 792 F.2d 129 (11th Cir. 1986) and *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986). Plaintiff also argues that according to SSR 83-10, non-exertional impairments affect the mind, vision, hearing, speech and use of the body to climb, balance, stoop, kneel, crouch, crawl, reach, handle, and use of the fingers for fine activities. Plaintiff asserts that she suffers from multiple non-exertional impairments such as fatigue, dizziness, lightheadedness, shortness of breath, depression, neuropathy, visual complaints, dyspnea, and nausea. The Court is unclear as to Plaintiff's argument that "[t]hese are all impairments that affect that do not direct affect [sic] the ability to sit, stand, walk, lift, carry push or pull; but which affect the mind, vision, and use of the body as discussed in SSR 83-10." (Doc. 18, p. 10). Plaintiff concludes that despite the clear evidence of non-exertional impairments, the ALJ failed to obtain the testimony of a vocational expert, and therefore his decision that Plaintiff could perform substantial gainful activity is not supported by substantial evidence and must be reversed.

The Commissioner responds that the ALJ properly relied on the Grids to determine that Plaintiff is able to perform other jobs that exist in the national economy. Citing to *Phillips v. Barnhart*, 357 F.3d 1232, 1242 (11th Cir. 2004), the Commissioner argues that the Grids may be used unless Plaintiff has non-exertional impairments that significantly limit basic work skills. The Commissioner contends that if the ALJ determines that a plaintiff's non-exertional limitations do not significantly limit her basic works skills at a given level, then an ALJ may rely on the Grids to determine if a plaintiff is disabled. In this case, the Commissioner argues that the ALJ found that Plaintiff had the RFC to perform a wide range of sedentary level jobs with the following non-exertional limitations: avoiding climbing ladders, ropes, or scaffolds, and avoiding concentrated exposure to extreme cold, wet, humidity, fumes, and hazardous machinery. The Commissioner asserts that the ALJ found Plaintiff had non-exertional limitations, however, also determined that these non-exertional limitations did not significantly erode the occupational based of unskilled sedentary work, and therefore, did not err in utilizing the Grids and failing to obtain testimony from a vocational expert.

Although Plaintiff focuses his argument on whether the ALJ erred in failing to obtain a vocational expert, the Court notes that Plaintiff asserts that she suffers from the non-exertional limitations of fatigue, dizziness, lightheadedness, shortness of breath, depression, neuropathy, visual complaints, dyspnea, and nausea. Even though Plaintiff failed to raise any argument concerning the ALJ's determination of Plaintiff's RFC or the impairments considered by the ALJ in reaching the RFC, the Court reviewed the record to determine if the ALJ considered these impairments. These alleged limitations were subjective complaints by Plaintiff. The ALJ considered Plaintiff's testimony of fatigue, shortness of breath, and depression, including Plaintiff's claim that she remains in bed at home. The ALJ discussed Plaintiff's mental

impairments as well, noting that Plaintiff missed scheduled appointments and her most recent consultative examination found Plaintiff to be pleasant, cooperative, with appropriate affect and intact memory. (Tr. p. 17). The ALJ also noted that Plaintiff was logical and coherent during this examination and had no difficulty initiating and maintaining friendships. (Tr. p. 18). The ALJ concluded that Plaintiff's mental impairments were non-severe and included no work related limitations. (Tr. p. 18). The ALJ did not find Plaintiff's subjective complaints to be credible as to intensity, persistence and limiting effects. (Tr. p. 18). The ALJ contrasted Plaintiff's alleged limitations with Plaintiff's daily activities including Plaintiff's ability to perform household chores including cooking. (Tr. p. 17). Mainly, the ALJ considered Plaintiff's ability to care for her minor grandchild during the day while the child's mother worked. (Tr. p. 18, 19). Although housework, and light cooking are minimal daily activities, and are not dispositive evidence of a claimant's ability to perform sedentary work, an ALJ may consider a claimant's daily activities in evaluating a claimant's credibility as to claimant's testimony regarding symptoms. *Vennette v. Apfel*, 14 F. Supp. 2d 1307, 1314 (S.D. Fla. 1998) and *Kalishek v. Comm'r of Soc. Sec.*, 470 Fed. App'x 868, 871 (11th Cir. 2012) (citing 20 C.F.R. §404.1529(c)(3)(i) and (iv)). In the instant case, the ALJ considered Plaintiff's non-exertional limitations, but did not find that her statements concerning the intensity, persistence and limiting effects were credible as they were inconsistent with her residual functional capacity, and specifically the ALJ noted her statements were inconsistent with taking care of a minor child during the daytime.

After determining Plaintiff's RFC, the ALJ then applied the Grids to determine whether Plaintiff was disabled. There are two avenues by which the ALJ may determine whether the Plaintiff has the ability to adjust to work in the national economy: either by using the Medical Vocational Guidelines ("grids") or by testimony from a vocational expert. *Phillips v. Barnhart*,

357 F.3d 1232, 1239-40. An ALJ cannot rely exclusively on grids when Plaintiff is unable to perform a full range of work at a given residual functional level or when a Plaintiff has non-exertional impairments that "significantly limit [her] basic work skills." *Id*. at 1242. "Significantly limit basic work skills" means that the limitations prohibit a plaintiff from performing a "wide range" of work at a given level. *Id*. at 1243. If Plaintiff cannot perform a full range of work at a given level or has non-exertional impairments that prohibit a wide range of work at a given level, the ALJ may use the grids as a framework, but must also introduce independent evidence, preferably through a vocational expert's testimony, of the existence of jobs in the national economy that Plaintiff can perform. *Wolfe v. Chater*, 86 F.3d 1072, 1077-78 (11th Cir. 1996).

Social Security Ruling ("SSR") 83-10 provides that sedentary work involves lifting no more than 10 pounds at a time, walking and standing no more than 2 hours in an 8-hour day, and sitting approximately 6 hours in an 8-hour workday. *See*, SSR 83-10, http://www.socialsecurity.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html. Certain postural limitation such a "climbing ladders, ropes or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work." *See,* SSR 96-09p, http://www.socialsecurity.gov/OP_Home/rulings/di/01/SSR96-09-di-01.html. In addition, the Regulations provide that few occupations in the unskilled sedentary level require work in extreme cold, extreme heat, wetness, humidity, vibration or unusual hazards involving machinery. *Id*.

In this case, the ALJ found Plaintiff's nonexertional limitations of avoiding ladders, ropes or scaffolds, and avoiding concentrated exposure to extreme cold, wet, humidity, fumes and hazardous machinery have little or no effect on the occupational base of unskilled sedentary work.

Plaintiff failed to indicate how her nonexertional impairments would cause any additional work limitations other than those listed by the ALJ. (Tr. p. 20). The ALJ determined that Plaintiff could perform a wide range of work at the sedentary level. All of Plaintiff's non-exertional limitations are either encompassed in the definition of unskilled, sedentary work, or would have little or no effect on the occupational base for sedentary work. The ALJ did not err in using the Grids and did not err in failing to obtain the testimony of a vocational expert.

### III.  Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is supported by substantial evidence and decided according to proper legal standards.   The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).   The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on April 29, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties